IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] STEVEN NIEVES-RIOS, and<br>[2] JUN EUGENIO MATOS-ACEVEDO<br><br>Defendant. | Case No. 25-859(M) |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL
COMPLAINT AND ARREST WARRANT**

I, Ferdinand Acosta, being first duly sworn, do here by depose and state that:

**BACKGROUND**

1. I am currently a Special Agent with the United States Coast Guard Investigative Service ("CGIS") and an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am empowered to conduct investigations and to make arrests for federal felony offenses.

2. I have been employed as a Special Agent with CGIS since July 2017. I am currently assigned to the Homeland Security Task Force, in San Juan, Puerto Rico, and I am responsible for conducting investigations into international narcotics trafficking and transnational crime organizations involving both foreign and domestic sources of supply.

3. I have received specialized training concerning violations of Titles 14, 18, 21, and 46 of the United States Code, while attending several law enforcement academies including Indoctrination Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, the Federal Bureau of Investigation National Academy in Quantico, Virginia and others.

1

4.      As a CGIS Special Agent, I am responsible for the coordination and conclusion of complex criminal investigations with federal, state, and local law enforcement partners.

5.      I have participated in many narcotics investigations as a case agent. I have debriefed defendants, witnesses, and informants who had personal knowledge of major narcotics trafficking organizations. Additionally, I have participated in many aspects of narcotics investigations including conducting physical surveillance, writing, and executing search warrants, and conducting arrests.

6.      Based on my training, experience, and information from more experienced investigators, I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics, and the collection of money proceeds of narcotics trafficking.

7.      I am also familiar with methods employed by large narcotics organizations to thwart detection by law enforcement, including the use of vague and coded language, debit calling cards, public telephones, cellular telephone technology, counter surveillance, false or fictitious identities, and encoded communications.

8.      I have received instruction and training and have participated in investigations involving drug trafficking organizations and the laundering of drug proceeds. I have used a variety of investigative techniques, including interviews with informants and cooperating witnesses; physical surveillance; controlled drug purchases; consensual monitoring and recording of telephonic and non-telephonic communications; analyzing telephone pen register and caller identification system data; and search and arrest warrants that have led to seizures of narcotics, firearms, and other contraband.

9. During my Law enforcement career, I have participated in hundreds of arrests of suspects charged with drug and/or violent offenses.

10. This affidavit is submitted in support of a criminal complaint charging [1] STEVEN NIEVES-RIOS, and [2] JUN EUGENIO MATOS-ACEVEDO with: (1) Conspiracy to Import Five or More Kilograms of Cocaine into the United States in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(B)(ii) and 963.

11. Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

## PROBABLE CAUSE

12. On or about August 31, 2025, at approximately 7:30 p.m., while on routine patrol a United States Coast Guard Maritime Patrol Aircraft located a blue and white, 19-21' yola type vessel with one outboard engine, four individuals onboard, and visible packages on deck ("Yola"), 25 nautical miles northeast of the Miches, in the Dominican Republic with northeasterly course at 8 knots. Below is a photograph of the yola:



13. USCG sector San Juan diverted the USCG Cutter Heriberto Hernandez to intercept the Yola.

14. Once USCG Cutter Heriberto Hernandez was in range—USCG Cutter Heriberto Hernandez launched its small boat. USCG Maritime Patrol Aircraft vectored the USCG Cutter Heriberto Hernandez' small boat with a USCG boarding team onboard to conduct a Right of Visit of the Yola.

15. When the USCG small boat arrived on scene the Yola was dead in the water. The crew of the Yola complied with the instructions of USCG boarding team. The Yola was rapidly taking on water. The USCG boarding team observed [1] STEVEN NIEVES-RIOS, [2] JUN EUGENIO MATOS-ACEVEDO, Individual-1, and Individual-2 onboard the Yola.

16. During the boarding [1] STEVEN NIEVES-RIOS stated in sum and substance that they departed from Punta Cana in the Dominican Republic and were going to Puerto Rico. [2] JUN EUGENIO MATOS-ACEVEDO stated in sum and substance

that he was a United States national and that he was from Aguada, Puerto Rico. Individual-1 stated in sum and substance that he was from Miches, in the Dominican Republic and a citizen of the Dominican Republic. Individual-2 stated in sum and substance that he was from Santo Domingo, in the Dominican Republic and a citizen of the Dominican Republic.[1]

17. Due to the fact that the Yola was rapidly taking on water, the USCG boarding team transferred [1] STEVEN NIEVES-RIOS, [2] JUN EUGENIO MATOS-ACEVEDO, Individual-1, and Individual-2 and two black duffle bags from the Yola to the USCG small boat to prevent any incidents with the people onboard the Yola, officer safety and for the preservation of evidence/property.

18. One of the boarding team members participating in the transfer of the four individuals and duffle bags—while transferring the bags—felt solid and heavy and block type objects inside the duffel bags consistent with contraband. Members of the USCG boarding team searched the duffle bags and recovered approximately 43 brick-shaped objects consistent with kilograms of cocaine. Below is photograph of one of the brick-shaped objects:

---

[1] The sum and substance of the statements have been translated from the Spanish language to the English language.



19. During the boarding, members of the USCG boarding team conducted a field test of one of the brick-shaped objects which revealed the presence of cocaine. The 43 brick-shaped objects containing cocaine weighed approximately fifty kilograms.

20. The Yola sank in position 19°-23.488'N 068°-12.385'W.

**CONCLUSION**

21. Based upon my training, experience, and facts concerning this investigation, I respectfully believe that there is probable cause to believe that [1] STEVEN NIEVES-RIOS, and [2] JUN EUGENIO MATOS-ACEVEDO committed the following offense: (1) Conspiracy to Import Five or More Kilograms of Cocaine into the

6

United States in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(B)(ii) and 963.

Respectfully submitted,

ACOSTA.FERDINAND.JOSE.1182293500
Digitally signed by ACOSTA.FERDINAND.JOSE.1182293500
Date: 2025.09.12 11:54:18 -04'00'

Ferdinand Acosta
Special Agent
Coast Guard Investigative Service,
San Juan, Puerto Rico

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1. by telephone at 2:07 PM on this 12th day of September 2025, in San Juan, Puerto Rico.

HON. MARCOS E. LOPEZ
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

7